**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
N.J., individually, and as parent and natural guardian of N.J.
and A.J., minor children, individually,

                      **ORDER**
                      11-CV-5935 (ADS) (AKT)

                      Plaintiffs,

       -against-

STATE OF NEW YORK, NEW YORK STATE
EDUCATION DEPARTMENT and MALVERNE UNION
FREE SCHOOL DISTRICT,

                      Defendants.
-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★   JAN 09 2012   ★

LONG ISLAND OFFICE

<u>**APPEARANCES:**</u>

**DLA Piper US LLP**
*Attorneys for the Plaintiffs*
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
      By:  Stephen P. Davidson, Esq.
          Mark Deckman, Esq., Of Counsel

**Eric T. Schneiderman, New York Attorney General**
*Attorneys for the State of New York and the New York State Education Department*
200 Old Country Road, Suite 460
Mineola, NY 11501
      By:  Dorothy O. Nese, Assistant Attorney General

**Frazer & Feldman, LLP**
*Attorneys for the Malverne Union Free School District*
1415 Kellum Place
Garden City, NY 11530
      By:  Joseph W. Carbonaro, Esq., Of Counsel

**SPATT, District Judge**.

      On December 6, 2011, N.J., individually and as parent and natural guardian of N.J.(m)

and A.J. ("the plaintiff children" and collectively "the Plaintiffs") commenced the instant action

against the State of New York ("the State"), the New York State Education Department

("NYSED" and together with the State "the State Defendants"), and the Malverne Union Free

School District ("the District" and together with the State Defendants "the Defendants") alleging violations of the federal McKinney-Vento Act, 42 U.S.C. § 11431, *et seq.*, New York Education Law § 3209, and 42 U.S.C. § 1983. In addition, by order to show cause, the Plaintiffs filed an application for a Temporary Restraining Order and Preliminary Injunction, seeking to enjoin the Defendants from disenrolling the plaintiff children from the District schools pending the resolution of their New York Education Law § 310 appeal ("section 310 appeal") to the NYSED.

On December 9, 2011, the Court held a hearing on the Plaintiffs' motion for a Temporary Restraining Order and Preliminary Injunction. The main issue disputed by the parties was whether the Plaintiffs were required to show a likelihood of success on their contention that they were homeless in order to obtain a preliminary injunction. As stated on the record and in a written decision dated December 13, 2011, the Court found that for the purposes of determining whether the Court should grant a preliminary injunction, the relevant inquiry was not whether the Plaintiffs were homeless, but rather "whether the Plaintiffs are likely to succeed in showing that the Defendants, in promulgating the state law, denying the stay application, and attempting to disenroll the plaintiff children, have violated the McKinney-Vento Act and the Plaintiffs' rights thereunder." (Order at 13.)

Weighing the relevant factors, the Court found that the Plaintiffs satisfied their burden and rendered a decision granting the Plaintiffs' motion for a preliminary injunction: (1) enjoining the Defendants from disenrolling the plaintiff children from the District schools pending the resolution of their section 310 appeal to the NYSED and (2) requiring the District to arrange for transportation for N.J.(m) and A.J. to their respective schools within the District consistent with the District's obligations under the McKinney-Vento Act and New York Education Law § 3209.

2

In the December 13, 2011 order, the Court afforded the parties the opportunity to file briefs:

> addressing this Court's finding that the proper inquiry for showing a likelihood of success on the merits was not the Plaintiffs' homelessness, but rather the Plaintiffs likelihood of showing the state regulation permitting the Commissioner to deny a stay of disenrollment during the pendency of a section 310 appeal is in conflict with the Pendency Provision of the McKinney-Vento Act.

(Order at 16.) On December 16, 2011, the State Defendants and the District filed separate briefs opposing the Court's finding, and the Plaintiffs filed a brief concurring with the Court's analysis.

The Court has reviewed the parties' submissions and finds no basis for reconsidering its decision to grant the preliminary injunction on the limited issue posed by the Court at this stage in the proceedings. Although the Court agrees with the District that a determination on the Plaintiffs' homelessness may be necessary for some of the relief requested in the complaint, the standard for a preliminary injunction does not require a plaintiff to show a likelihood of success on all of the causes of action asserted in the complaint.

In their first cause of action, the Plaintiffs challenge, among other things, the Defendants' compliance with the McKinney-Vento Pendency Provision. McKinney-Vento imposes the obligation on each "State", not each Local Educational Agency ("LEA") to adopt a dispute resolution procedure. 42 U.S.C. § 11432(g)(1)(C). In turn, the Pendency Provision requires an LEA to admit a child to the school in which enrollment is sought pending the resolution of the dispute as set forth in the State's dispute resolution procedure. See 42 U.S.C. § 11432(g)(3)(E)(i). There is nothing in the statute to suggest that the only portion of the State's dispute resolution procedure that is subject to the Pendency Provision is the resolution of the dispute at the LEA level. Here, New York has adopted a dispute resolution procedure pursuant to McKinney-Vento that includes an initial determination at a meeting—not a hearing—at the

3

LEA level, an intermediate determination on the likelihood of success of the appeal by the Commissioner, and a final review of the LEA's findings of fact by the NYSED.

The Defendants acknowledge that McKinney-Vento requires the continued enrollment of an alleged homeless child during the pendency of the LEA's initial determination. However, as the Court stated in its December 13, 2011 order, and which neither defendant disputed in its supplemental brief, the Pendency Provision's requirement of continued enrollment during a dispute makes no reference to an alleged homeless child's likelihood of success in the dispute. Thus, even if only during the pendency of the initial LEA determination, McKinney-Vento protects from disenrollment a non-homeless child that makes a claim of homelessness.

Accordingly, the real issue is not <u>whether</u> McKinney-Vento protects an alleged homeless child from disenrollment during a dispute, but rather <u>how long</u> an alleged homeless child can avoid disenrollment without having to show a likelihood of success on his or her claim of homelessness. Thus, the Court adheres to its initial determination that the proper inquiry for the likelihood of success prong of the Plaintiffs' motion was not whether the Plaintiffs are homeless, but whether the fact that the State plan permits disenrollment of an alleged homeless child prior to the NYSED's final determination, based on the Commissioner's intermediate assessment of the dispute, violates the provisions of McKinney-Vento.

However, the Court notes that in addition to addressing the specific question posed by the Court, both the State Defendants and the District argued that the Court should reverse its ruling because: (1) the Court lacks subject-matter jurisdiction over the Plaintiffs' federal claims and (2) the doctrine of res judicata bars the Plaintiffs claims based on the consent order entered into in <u>National Law Center on Homelessness and Poverty v. State of New York</u>, No. 04-CV-705 (E.D.N.Y. Mar. 31, 2006) (Spatt, J.). These issues were first raised in the State Defendants'

4

motion to dismiss filed on December 9, 2011, the day of the hearing. The Plaintiffs did not have an opportunity to respond to either objection at the hearing. Furthermore, on December 27, 2011, the parties entered into a stipulation extending the Plaintiffs time to respond to the motion to dismiss until January 9, 2012. In light of the complexity of these issues, the Court will reserve decision on its subject-matter jurisdiction, and the applicability of the res judicata doctrine until after they have been fully briefed by the parties.

**SO ORDERED.**
Dated: Central Islip, New York
January 9, 2012

                                        _/s/ Arthur D. Spatt_____ _____
                                          ARTHUR D. SPATT
                                        United States District Judge